**ENTERED JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| **MOVIDA COMMUNICATIONS, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **RAYAHI "KIKI" HAIFA**, *et al*., <br><br> Defendants. | **CASE NO. CV 08-00034 SGL (JCRx)** <br><br> **FINAL JUDGMENT & PERMANENT INJUNCTION** |

This Court, having considered the Stipulation of Plaintiff Movida Communications, Inc. ("Movida") and Defendant Rayahi (aka Kiki) Haifa ("Haifa") for Entry of Final Judgment and Permanent Injunction, and good cause appearing therefor, hereby **ORDERS**, **DECREES** and **ADJUDGES** that:

1. This Court has jurisdiction over Movida and Haifa and all of the claims set forth in Movida's Complaint.

2. Movida owns all right, title, and interest in and to United States Trademark Registration 3,028,240, issued December 13, 2005 (the "Registered Movida Trademark"). The Registered Movida Trademark is valid, distinctive, protectable, has acquired secondary meaning and is associated exclusively with Movida.

3. Movida's Terms and Conditions for the purchase and use of its pre-paid wireless telephone handsets (the "Movida Phones") constitute a valid and binding contract enforceable against Haifa. The Court finds that (a) facilitating others to use Movida Phones in conjunction with service providers other than Movida, (b) tampering with or altering Movida Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and (c) reselling Movida Phones for use on other networks, or assisting others in such acts, respectively, each constitute independent breaches of contract for which Movida is entitled to relief.

4. Haifa's conduct constitutes circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software, under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et. seq.*; contributory trademark infringement under 15 U.S.C. § 1114(1); federal unfair competition under 15 U.S.C. § 1125(a); breach of contract; intentional interference with contractual relations; intentional interference with prospective economic advantage; violation of Cal. Bus. &

Prof. Code §17200 *et seq.*; and violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*

5.  Haifa's conduct in the Bulk Resale Scheme as described in the Complaint has caused substantial harm to Movida and the public interest and will continue to cause substantial harm to Movida and the public interest unless enjoined. Consequently, Movida is entitled to injunctive relief on the claims set forth in its Complaint.

6.  **FINAL JUDGMENT** is therefore entered against Defendant Rayahi Haifa and in favor of Plaintiff, Movida Communications, Inc., on all of the claims set forth in Movida's Complaint, and a **PERMANENT INJUNCTION** issued and imposed against Haifa and each and all of his representatives, agents, assigns, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with him who receive notice hereof (the "Enjoined Parties") as set forth below. The Enjoined Parties are hereby enjoined from:

    a.  Purchasing, selling and/or shipping any wireless mobile phone that they know or should know bears any Registered Movida Trademark, any other trademark owned by Movida, or any other model of wireless mobile device sold or marketed by Movida or any of its affiliated or related entities ("Movida Handsets"). Specifically, Haifa is enjoined from purchasing, selling and/or shipping, directly or indirectly, all models of Movida Handsets, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise altered or modified in any way by any person. This injunction applies to all Movida Handsets currently or previously offered for sale by Movida, or that may be offered for sale in the future, as listed and updated from time to time on Movida's websites, http://www.movidacelular.com, including without limitation the following models of Movida Handsets:

- LG® 125
- LG® 225
- LG® LX 150
- Sanyo® 200
- UT Starcom® 7025

   b. Reflashing and/or unlocking of any Movida Handset;

   c. Accessing, altering, erasing, tampering with, deleting or otherwise disabling Movida's proprietary prepaid cellular software contained within any and all models of Movida Handsets;

   d. Supplying Movida Handsets to or facilitating or in any way assisting other persons or entities who Haifa knows or should know are engaged in reflashing and/or unlocking Movida Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Movida Handsets;

   e. Supplying Movida Handsets to or facilitating or assisting in any way other persons or entities who Haifa knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying, selling and/or shipping of locked or unlocked Movida Handsets; and

   f. Knowingly using the Registered Movida Trademark or any other trademark owned or used by Movida now or in the future, without Movida's prior written authorization.

  7. Haifa, pursuant to the Lanham Act, shall deliver and turn over all Phones in his possession or subject to his custody or control bearing or infringing the Movida Registered TradeMark (or a confusingly similar copy thereof), to Movida immediately upon entry of this Final Judgment and Permanent Injunction.

8. The shipment by Haifa of any Movida Handset within or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9. Haifa expressly has waived his right to appeal from entry of this Final Judgment & Permanent Injunction.

10. Movida's claims against Defendants Ibrahim M. Haifa, Haifa A. Haifa, Big Save 98¢ Store and each of the Doe Defendants (*i.e.*, all of the remaining defendants in this action) are **DISMISSED WITHOUT PREJUDICE**.

11. This Court shall retain jurisdiction over this matter and the parties to this Stipulation in order to enforce the terms of the parties' Settlement Agreement (the "Agreement") and this Final Judgment & Permanent Injunction, and to punish any violation of the terms of the Agreement or this Final Judgment & Permanent Injunction by a finding of contempt and a payment of damages to Movida in an amount of not less than **$5,000** for **each** Movida Handset that a Defendant is found to have purchased, sold, unlocked, altered in any way, shipped, or advertised for sale in violation of the Permanent Injunction.

12. All of the parties to this action shall bear their own attorneys' fees and costs incurred in this action. However, the prevailing party in any proceeding to enforce or compel compliance with the Agreement or the Permanent Injunction issued by the Court shall be entitled to an award of its attorneys' fees and costs.

Dated: February 28, 2008

**HON. STEPHEN G. LARSON**
United Stated District Judge

Respectfully submitted by:
**TANTALO & ADLER LLP**

_____
Joel M. Tantalo
Attorneys for Plaintiff
MOVIDA COMMUNICATIONS, INC.

1    **RAYAHI "KIKI" HAIFA**

2

3    _____
     Rayahi Haifa